UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 14-20** |
| **ANTONIO NEVEAUX, ET AL.** | **SECTION: "E" (2)** |

### ORDER AND REASONS

Before the Court are two motions to sever filed by Defendants Antonio Neveaux[1] and Anthony Washington[2] pursuant to Federal Rule of Criminal Procedure 14(a). The Government opposes the motions.[3] For the reasons that follow, the motions are **DENIED**.

### BACKGROUND

In this criminal action, a three-count indictment charges Defendant Antonio Neveaux ("Neveaux") with (1) knowingly and intentionally possessing with the intent to distribute 28 grams or more of crack cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and 841 (b)(1)(B), (2) knowingly possessing a firearm in furtherance of a drug trafficking crime, and (3) conspiring to obstruct, influence, or impede a federal grand jury investigation, in violation of Title 18, United States Code, Section 1512(c)(2).[4] Defendant Anthony Washington ("Washington") is charged only in the third count.[5] The trial is scheduled to begin October 24, 2016.

---

[1] R. Doc. 125.
[2] R. Doc. 130.
[3] R. Doc. 135.
[4] R. Doc. 48.
[5] *Id.*

1

On October 7, 2016, Neveaux filed a motion to sever his trial from the trial of his co-defendant pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure.[6] Neveaux argues he will be prejudiced if he is tried with Washington because, Neveaux contends, "[his] Sixth Amendment right to confront his accusers will . . . be in opposition to his co-defendant's right to remain silent under the Fifth and Fourteenth Amendments."[7] Neveaux's argument is founded on his belief that he would be prejudiced by statements made by Washington in recorded jail telephone calls.[8]

On October 11, 2016, Washington filed a motion to sever his trial from Neveaux's trial pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure.[9] Washington argues a joint trial would run afoul of his Sixth Amendment and Due Process rights.[10] Washington contends the Government intends to use Neveaux's factual basis, in which Neveaux implicates "Individual A," presumably referring to Washington.[11] Washington also argues that Neveaux's potential election not to testify at the joint trial violates Washington's Sixth Amendment right to present a defense because it renders an exculpatory witness unavailable to testify.[12]

The Government filed an opposition on October 12, 2016.[13]

## **LAW AND ANALYSIS**

Rule 8(b) of the Federal Rules of Criminal Procedure provides that an indictment may charge two or more defendants "if they are alleged to have participated in the same

---

[6] R. Doc. 125.
[7] R. Doc. 125-1 at 2.
[8] *Id.*
[9] R. Doc. 130.
[10] R. Doc. 130-1 at 1.
[11] *Id.* at 2.
[12] *Id.* at 4.
[13] R. Doc. 135.

2

act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."[14] "As a general rule, persons indicted together should be tried together, particularly when the offense is conspiracy."[15] "The federal judicial system evinces a preference for joint trials of defendants who are indicted together because joint trials 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'"[16] Neither Neveaux nor Washington contend they are improperly joined.

The Court may sever defendants' trials under Rule 14(a), however, if "a consolidation for trial appears to prejudice a defendant,"[17] though severance is not required if prejudice is shown.[18] The Court has the discretion to decide a motion to sever and, in exercising that discretion, "must balance the right of a defendant to a fair trial against the interests of judicial economy."[19] A defendant seeking severance under Rule 14(a) must overcome "significant obstacles."[20] "Severance is proper 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'"[21]

A carefully tailored jury instruction will normally cure any risk of prejudice.[22] To the extent limiting instructions cannot eliminate that risk, the district court must consider

---

[14] FED. R. CRIM. P. 8(b).
[15] *United States v. Simmons*, 374 F.3d 313, 317 (5th Cir. 2004).
[16] *United States v. McRae*, 702 F.3d 806, 821 (5th Cir. 2012) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)).
[17] FED. R. CRIM. P. 14(a).
[18] *Zafiro*, 506 U.S. at 538–39.
[19] *United States v. Zicree*, 605 F.2d 1381, 1388 (5th Cir. 1979).
[20] *McRae*, 702 F.3d at 821.
[21] *United States v. Mitchell*, 484 F.3d 762, 775 (5th Cir. 2007).
[22] *Zafiro*, 506 U.S. at 539.

3

whether any remaining prejudice outweighs the interests of judicial economy.[23] When defendants are properly joined under Rule 8, "a district court should grant a severance under Rule 14(a) only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."[24]

    I.    <u>Antonio Neveaux's Motion to Sever</u>

Neveaux contends he is entitled to severance pursuant to Rule 14(a) because he "faces the unfair burden of defending against two accusers, the United States of America and the words of his own co-defendant."[25] According to Neveaux, his "Sixth Amendment right to confront his accusers will . . . be in opposition to his co-defendant's right to remain silent under the Fifth and Fourteenth Amendments."[26] Neveaux's claim is based on the existence of statements made by his co-defendant in recorded jail telephone calls.[27]

Neveaux relies on the Supreme Court's decision in *United States v. Bruton*, where the Court held that a defendant's Confrontation Clause rights are violated when a non-testifying co-defendant's confession naming the defendant as a participant in the crime is introduced at their joint trial, even if the court issues a curative jury instruction.[28] Neveaux argues Washington's recorded jail telephone calls are inculpatory statements as to his guilt.

Jail calls, however, are not "statements" for *Bruton* purposes, and fall outside the

---

[23] *See McRae*, 702 F.3d at 821–22.
[24] *Zafiro*, 506 U.S. at 539.
[25] R. Doc. 125-1 at 3.
[26] *Id*.
[27] *Id*. at 2.
[28] 391 U.S. 123 (1968).

4

scope of the Confrontation Clause because they are non-testimonial.[29] According to the Supreme Court's decision in *Crawford v. Washington*, the Confrontation Clause prohibits the admission of evidence of out-of-court statements only if they are "testimonial" statements made against a criminal defendant.[30] Although the Supreme Court has not provided a precise definition for the term "testimonial," the *Crawford* Court stated testimonial statements are those such as "ex parte in-court testimony or its functional equivalent, . . . materials such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially" and those statements that were made "under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial."[31] Neveaux makes no assertion that Washington knew his statements on the jail phone calls would ultimately be used in a trial. As such, the statements on the recorded jail phone calls are non-testimonial under *Crawford*.

Because the Court has found Washington's statements on the recorded jail telephone calls to be non-testimonial, the Court further finds the statements are not subject to *Bruton*. *Bruton* applies only to those statements by co-defendants that are "testimonial" under *Crawford*.[32] As a result, Neveaux's argument that separate trials are required under *Bruton* fails, and his motion to sever is denied.

---

[29] *See United States v. Dale*, 614 F.3d 942, 955–56 (8th Cir. 2010) (finding a co-defendant's inculpatory statements made to a fellow prisoner non-testimonial, and therefore not subject to *Bruton* protection).
[30] *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004); *Davis v. Washington*, 547 U.S. 813, 821–22 (2006).
[31] *Crawford*, 541 U.S. at 51–52.
[32] *United States v. Vasquez*, 766 F.3d 373, 378 (5th Cir. 2014); *United States v. Dargan*, 738 F.3d 643, 651 (4th Cir. 2013) ("*Bruton* is simply irrelevant in the context of nontestimonial statements . . . [because] . . . [s]tatements that do not implicate the Confrontation Clause . . . do not implicate *Bruton*.").

II.  Anthony Washington's Motion to Sever

Washington contends he is entitled to severance pursuant to Rule 14(a) because the admission of Neveaux's factual statement would violate *Bruton*. The Government has indicated that it may seek to introduce as evidence the plea agreement and factual basis that Neveaux initially signed, but later withdrew.[33] The factual basis states "On March 21, 2016, Neveaux with the assistance of individual A was selling to third party purchasers 'Crack' cocaine . . . ."[34] The reference to "individual A," Washington contends, "transparently refer[s]" to him.[35] Washington argues the admission of this statement in the factual basis would violate his Confrontation Clause rights because he will be unable to cross-examine Neveaux, who is not expected to testify at trial.

Although Neveaux's statement in the factual basis is testimonial, and thus subject to the Confrontation Clause as discussed above, for the statement to be subject to *Bruton* the out-of-court statement must also be facially incriminating.[36] The Fifth Circuit has stated that it has "consistently held that the *Bruton* rule is not violated unless a co-defendant's statement directly alludes to the complaining defendant. . . . This is true, even

---

[33] R. Doc. 130-1 at 2.
[34] *Id.*
[35] *Id.*
[36] *Richardson v. Marsh*, 481 U.S. 200, 207 (1987) ("In *Bruton*, however, we recognized a narrow exception to this principle: We held that a defendant is deprived of his Sixth Amendment right of confrontation when the **facially incriminating** confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant." (emphasis added)); *United States v. Harper*, 527 F.3d 396, 403 (5th Cir. 2008).

if the evidence makes it apparent that the defendant was implicated by some indirect reference."[37]

In *Cartwright*, Purvis Patrick argued a trial severance was appropriate because his father's confession implicated him in violation of *Bruton*.[38] In his confession, Cartwright, Patrick's father, stated "It's my dope, I cooked it, just leave my kid out of it, you know, I was trying to help him make some money."[39] The Fifth Circuit held the *Bruton* rule was not violated because "Cartwright's statement implicates Patrick only be 'indirect reference' . . . not by name."[40]

The reference to "individual A" in Neveaux's factual basis is not facially incriminating, and does not directly implicate Washington. The fact that Neveaux's statement may incriminate Washington by leading the jury to draw an inference as to his involvement through the presentation of other evidence is insufficient to warrant a severance under *Bruton*.[41] Even if the factual basis ultimately is admitted, Washington's identity is not evident from the face of the factual basis, and therefore the statement falls within the *Bruton* exception.

Washington also argues he is entitled to severance under Rule 14(a) because "Neveaux's potential election not to testify at the joint trial . . . implicates Mr. Washington's rights to Due Process and [his] Sixth Amendment Right to Present a Defense because it renders a critical exculpatory witness unavailable to testify in his

---

[37] *United States v. Cartwright*, 6 F.3d 294, 300 (5th Cir. 1993) (quoting *United States v. Espinoza-Seanez*, 862 F.2d 526, 534 (5th Cir. 1988)).
[38] *Cartwright*, 6 F.3d at 300.
[39] *Id.* at 299.
[40] *Id.* at 300; *see also United States v. Restrepo*, 994 F.2d 173, 187 (5th Cir. 1993) ("[T]he rule in this circuit is that an indirect reference to a co-defendant is not enough to bring a statement within the proscription of *Bruton*.").
[41] *Cartwright*, 6 F.3d at 300; *see also United States v. Payan*, 992 F.2d 1387, 1393 (5th Cir. 1993) (finding an out-of-court statement was not subject to *Bruton* protection even if it incriminated the co-defendant by "contextual implication").

7

defense."[42] To obtain a severance based on the claim that a co-defendant would provide exculpatory testimony, a defendant must establish the following: (1) a bona fide need for the testimony; (2) the substance of the testimony; (3) the exculpatory effect of the testimony; and (4) an indication that the co-defendant would testify if the trial was severed.[43]

In *United States v. Owens*, the Fifth Circuit rejected a defendant's argument that she was prejudiced by her joint trial with her co-defendant because her co-defendant would have testified at her trial if their cases had been severed.[44] The Fifth Circuit found the defendant did not demonstrate that her co-defendant would have testified, as she did not have "an affidavit from [her co-defendant] or similar proof."[45] The court explained, "A statement from a defendant's attorney is insufficient to establish that the defendant's co-defendant would be willing to testify or the substance of such testimony."[46] The court found that allegations that a co-defendant "likely" or "possibly" would have been available to testify if the co-defendant were tried first were insufficient to satisfy the defendant's burden on a motion to sever.[47] The Fifth Circuit considered a similar argument in *United States v. Nguyen* and explained that, "without an affidavit from the co-defendant himself or *other similar proof*, conclusory allegation[s] that a co-defendant would testify and what he or she would testify about is not sufficient."[48]

Washington offers no affidavits or other similar proof that Neveaux would testify

---

[42] R. Doc. 130-1 at 4.
[43] *United States v. Owens*, 683 F.3d 93, 99 (5th Cir. 2012).
[44] *Owens*, 683 F.3d at 99.
[45] *Id.* at 99–100.
[46] *Id.* at 100.
[47] *Id.*
[48] *United States v. Nguyen*, 493 F.3d 613, 625 (5th Cir. 2007) (alteration in original) (emphasis added) (internal quotation marks omitted).

8

at Washington's trial if their cases were severed. Therefore, Washington fails to meet his burden to show that the trials should be severed.

Accordingly;

**IT IS HEREBY ORDERED** that Defendant Antonio Neveaux's Motion to Sever be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Anthony Washington's Motion to Sever be and in hereby **DENIED**.

**New Orleans, Louisiana, this 13th day of October, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**